**Daniel P. Larsen**, OSB No. 943645
E-mail:  dpl@aterwynne.com
**ATER WYNNE LLP**
1331 N.W. Lovejoy Street, Suite 900
Portland, OR  97209
Tel:  503/226-1191; Fax:  503/226-0079

**R. Charles Henn Jr.** (*pro hac vice* pending)
E-mail:  chenn@kilpatricktownsend.com
**Charles H. Hooker III** (*pro hac vice* pending)
E-mail:  chooker@kilpatricktownsend.com
**Nichole Davis Chollet** (*pro hac vice* pending)
E-mail:  nchollet@kilpatricktownsend.com
**KILPATRICK TOWNSEND & STOCKTON LLP**
1100 Peachtree Street, Suite 2800
Atlanta, GA  30309
Tel:  404/815-6500; Fax:  404/815-6555

Attorneys for Plaintiffs

# UNITED STATES DISTRICT COURT

## DISTRICT OF OREGON

### PORTLAND DIVISION

| | |
|---|---|
| **ADIDAS AMERICA, INC.**, a Delaware corporation; and **ADIDAS AG**, a foreign entity,<br><br>                       Plaintiffs,<br><br>    v.<br><br>**ECCO USA, INC.**, a New Hampshire corporation; and **ECCO SKO A/S**, a foreign entity,<br><br>                    Defendants. | Case No. _____<br><br>**COMPLAINT (TRADEMARK INFRINGEMENT, UNFAIR COMPETITION, TRADEMARK DILUTION, DECEPTIVE TRADE PRACTICES, AND BREACH OF CONTRACT)**<br><br>**JURY TRIAL REQUESTED** |

COMPLAINT

Page 1

Plaintiffs adidas America, Inc. and adidas AG (collectively, "adidas") state the following for their Complaint against Defendants ECCO USA, Inc. and ECCO Sko A/S (collectively, "ECCO").

## I.    INTRODUCTION

1.    For decades, adidas has manufactured, sold, and promoted footwear under its famous Three-Stripe trademark (the "Three-Stripe Mark").  adidas owns numerous incontestable federal trademark registrations for its Three-Stripe Mark for apparel and footwear, and adidas has invested tens of millions of dollars building its brand in connection with the Three-Stripe Mark.

2.    Despite ECCO's knowledge of adidas's rights in the famous Three-Stripe Mark—including a 2013 contractual agreement not to infringe adidas's Three-Stripe Mark—ECCO currently is offering for sale and selling footwear featuring three and four parallel stripes on the side of the shoe, including the footwear depicted below:






COMPLAINT

ATER WYNNE LLP
1331 NW LOVEJOY STREET, SUITE 900
PORTLAND, OR 97209-3280
(503) 226-1191

2503369/1/DPL/000800-0033

 

 

Collectively, these styles of ECCO footwear depicted above are referred to as the "Infringing Footwear."

3.      The Infringing Footwear uses substantially identical imitations of the Three-Stripe Mark in a manner that is likely to cause consumer confusion and deceive the public regarding its source, sponsorship, or affiliation.  ECCO's actions are irreparably harming adidas's brand and its extremely valuable Three-Stripe Mark.

4.      This is, therefore, an action at law and in equity for breach of contract and for trademark infringement and dilution, unfair competition, unfair business practices, arising under the Trademark Act of 1946, 15 U.S.C. §§ 1051 *et seq.* (2009) ("Lanham Act"); the fair business practices and unfair and deceptive trade practices acts of the several states; and the common law. Among other relief, adidas asks this Court to: (a) preliminarily and permanently enjoin ECCO from marketing or selling footwear using or bearing confusingly similar imitations of the Three-Stripe Mark; (b) award adidas monetary damages and to treble that award; (c) require ECCO to disgorge all of its profits from its sales of the infringing footwear; and (d) award adidas punitive damages, attorneys' fees, and costs.

COMPLAINT

ATER WYNNE LLP
1331 NW LOVEJOY STREET, SUITE 900
PORTLAND, OR 97209-3280
(503) 226-1191

2503369/1/DPL/000800-0033

## II.   PARTIES

5.      Plaintiff adidas AG is a joint stock company organized and existing under the laws of the Federal Republic of Germany, having its office and principal place of business at Postach 11230, D-91072 Herzogenaurach, Federal Republic of Germany.

6.      Plaintiff adidas America, Inc. is a corporation organized and existing under the laws of the State of Delaware, having its principal place of business at 5055 N. Greeley Avenue, Portland, Oregon 97217.  adidas America, Inc. directs all U.S.-based operations on behalf of adidas AG, including sales, brand marketing, product marketing, product design, public relations, distribution, enforcement, and licensing of and for ADIDAS-branded merchandise, including goods bearing the distinctive Three-Stripe Mark.  adidas AG and adidas America, Inc., as well as any predecessors or related entities, are collectively referred to as "adidas."

7.      On information and belief, Defendant ECCO USA, Inc. is a corporation organized under the laws of the State of New Hampshire with its principal place of business at 16 Delta Drive, Londonderry, New Hampshire 03053.

8.      On information and belief, Defendant ECCO Sko A/S is a corporation organized under the laws of Denmark with its principal place of business at Industrivej 5, DK - 6261 Bredebro, Denmark.

## III.   JURISDICTION AND VENUE

9.      This Court has subject matter jurisdiction under section 39 of the Lanham Act, 15 U.S.C. § 1121, and under 28 U.S.C. §§ 1331 and 1338.  Subject matter jurisdiction over adidas's related state and common law claims is proper pursuant to 28 U.S.C. §§ 1338 and 1367.

10.     This Court has personal jurisdiction over ECCO because ECCO has entered into contracts with adidas in Oregon, and upon information and belief, (a) ECCO has marketed, distributed, offered for sale, and/or sold to persons within the State of Oregon; (b) ECCO regularly transacts and conducts business within the State of Oregon; and (c) ECCO has

COMPLAINT

ATER WYNNE LLP
1331 NW LOVEJOY STREET, SUITE 900
PORTLAND, OR 97209-3280
(503) 226-1191

2503369/1/DPL/000800-0033

otherwise made or established contacts within the State of Oregon sufficient to permit the exercise of personal jurisdiction.

11.    Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the acts or omissions giving rise to adidas's claims occurred in this District.

## IV.    FACTS COMMON TO ALL CLAIMS FOR RELIEF

**A.    adidas's Famous Three-Stripe Mark**

12.    adidas is currently, and for years has been, one of the world's leading manufacturers of athletic footwear, sportswear, and sporting equipment.  Over sixty (60) years ago, adidas first placed three parallel stripes on its athletic shoes, and the Three-Stripe Mark came to signify the quality and reputation of adidas footwear to the sporting world early in the company's history.

13.    At least as early as 1952, adidas began using the Three-Stripe Mark on footwear sold in the United States and worldwide.  The Three-Stripe Mark quickly came to signify the quality and reputation of adidas footwear.  Examples of adidas's footwear bearing the Three-Stripe Mark are depicted below, and pages from adidas's catalogs featuring footwear bearing the Three-Stripe Mark are attached as **Exhibit 1**.

**Pure Boost 2.0**                    **Superstar**

COMPLAINT

ATER WYNNE LLP
1331 NW LOVEJOY STREET, SUITE 900
PORTLAND, OR 97209-3280
(503) 226-1191

2503369/1/DPL/000800-0033

**adistar Boost ESM**



14.     adidas is the owner of a federal trademark registration, Reg. No. 1,815,956, issued by the United States Patent and Trademark Office ("PTO") on January 11, 1994, for the Three-Stripe Mark, as depicted below, for "athletic footwear."



Affidavits have been filed pursuant to Sections 8 and 15 of the Lanham Act, 15 U.S.C. §§ 1058 and 1065, and this registration is incontestable.  A copy of the Certificate of Registration for this mark is attached as **Exhibit 2**.

15.     adidas is the owner of a federal trademark registration, Reg. No. 1,833,868, issued by the PTO on May 3, 1994, for the Three-Stripe Mark, as depicted below, covering "athletic footwear."



COMPLAINT

ATER WYNNE LLP
1331 NW LOVEJOY STREET, SUITE 900
PORTLAND, OR 97209-3280
(503) 226-1191

2503369/1/DPL/000800-0033

Affidavits have been filed pursuant to Sections 8 and 15 of the Lanham Act, 15 U.S.C. §§ 1058 and 1065, and this registration is incontestable. A copy of the Certificate of Registration for this mark is attached as **Exhibit 3**.

      16.    adidas is the owner of a federal trademark registration, Reg. No. 2,278,589, issued by the PTO on September 21, 1999, for the Three-Stripe Mark, as depicted below, covering "athletic footwear."



Affidavits have been filed pursuant to Sections 8 and 15 the Lanham Act, 15 U.S.C. §§ 1058 and 1065, and this registration is incontestable. A copy of the Certificate of Registration for this mark is attached as **Exhibit 4**.

      17.    adidas is the owner of a federal trademark registration, Reg. No. 3,029,129, issued by the PTO on December 13, 2005, for the Three-Stripe Mark, as depicted below, covering "footwear."



Affidavits have been filed pursuant to Sections 8 and 15 of the Lanham Act, 15 U.S.C. §§ 1058 and 1065, and this registration is incontestable. A copy of the Certificate of Registration for this mark is attached as **Exhibit 5**.

COMPLAINT

ATER WYNNE LLP
1331 NW LOVEJOY STREET, SUITE 900
PORTLAND, OR 97209-3280
(503) 226-1191

2503369/1/DPL/000800-0033

18.    adidas is the owner of a federal trademark registration, Reg. No. 3,029,135, issued by the PTO on December 13, 2005, for the Three-Stripe Mark, as depicted below, covering "footwear."



Affidavits have been filed pursuant to Sections 8 and 15 of the Lanham Act, 15 U.S.C. §§ 1058 and 1065, and this registration is incontestable. A copy of the Certificate of Registration for this mark is attached as **Exhibit 6**.

19.    adidas owns numerous additional trademark registrations, a number of which are incontestable, for the Three-Stripe Mark covering footwear and various items of apparel including U.S. Reg. Nos. 870,136, 961,353, 2,016,963, 2,058,619, 2,278,591, 2,284,308, 2,909,861, 2,999,646, 3,029,127, 3,063,742, 3,063,745, 3,087,329, 3,183,656, 3,183,663, 3,236,505 and 4,910,643. Copies of the Certificates of Registration for each of these marks are attached collectively as **Exhibit 7**.

20.    Additionally, adidas owns federal registrations for verbal trademarks using the term "3 stripes" including THE BRAND WITH THE 3 STRIPES, Reg. No. 1,674,229, for "sport and leisure wear." Affidavits have been filed pursuant to Sections 8 and 15 of the Lanham Act, 15 U.S.C. §§ 1058 and 1065, and this registration is incontestable. A copy of the Certificate of Registration for this mark is attached as **Exhibit 8**.

21.    adidas's Three-Stripe Mark is well-known and famous and has been for many years. adidas has used the Three-Stripe Mark in connection with its frequent sponsorship of musical artists, including pop stars Katy Perry and Selena Gomez and iconic rappers B.o.B, Snoop Dogg, Pharrell Williams, and Kanye West.

COMPLAINT

Page 8

22.     adidas also has used the Three-Stripe Mark in connection with its frequent sponsorship of athletic tournaments and organizations, as well as professional athletes and collegiate sports teams.  For example, adidas has had longstanding relationships with the University of California at Los Angeles, the University of Nebraska, Arizona State, the University of Louisville, Mississippi State, and the University of Miami.  Among many others, adidas sponsors (a) NFL stars Aaron Rodgers, DeMarco Murray, Jimmy Graham, Von Miller, Sammy Watkins, and Robert Griffin III; (b) NBA stars Tim Duncan, James Harden, John Wall, Damian Lillard, and Derrick Rose; (c) baseball players Josh Harrison, Justin Upton, Kris Bryant, Carlos Gomez, and Melvin Upton Jr.; (d) professional golfer Sergio Garcia; and (e) internationally famous soccer players David Beckham and Lionel Messi.  For decades, adidas also has sponsored the world-famous Boston Marathon, along with many other events, teams, and individuals.

23.     The Three-Stripe Mark is nonfunctional, and the public recognizes and understands that the Three-Stripe Mark distinguishes and identifies adidas's footwear. Unsolicited media coverage has referred to "the iconic adidas three stripes" (Brettman, Allan, "World Cup brings out the shoes, uniforms from Adidas, Nike," The Oregonian, February 17, 2014), adidas's "trademark three-stripe sneakers" (Brettman, Allan, "Adidas lifts 2012 forecast as sales in China soar in Q1," The Oregonian, May 1, 2012), "the adidas stripes" (Brettman, Allan, "A $35 Swoosh of Genius," The Oregonian, June 16, 2011), adidas's "ubiquitous three stripes" (Brettman, Allan, "Going 'All In' Against Nike," The Oregonian, March 15, 2011), the "trademark three-stripe logo" (Pennington, Bill, "Belts That Do More Than Hold Up Pants," New York Times, July 26, 2009), the "iconic three stripes" ("Game Time," Footwear News, June 16, 2008), the "signature three stripes" (Moore, Booth, "Ringing Endorsements; Form Follows Function with Much Olympic Wear, but Fashion and Funding are also at Play," L.A. Times, August 13, 2004), the "famous brand with the three stripes" (Whiting, Sam, "Must

COMPLAINT

ATER WYNNE LLP
1331 NW LOVEJOY STREET, SUITE 900
PORTLAND, OR 97209-3280
(503) 226-1191

2503369/1/DPL/000800-0033

Have," San Francisco Chronicle, July 7, 2002), and the "legendary Adidas three stripes" ("Coty Inc.," Brand Strategy, September 27, 1999).  Copies of the above-referenced articles are attached collectively as **Exhibit 9**.

24.     For decades, adidas extensively and continuously has used and promoted the Three-Stripe Mark in connection with footwear and apparel.  In recent years, annual sales of products bearing the Three-Stripe Mark have totaled in the billions of dollars globally and in the hundreds of millions of dollars within the United States.  The Three-Stripe Mark has achieved international fame and tremendous public recognition.

25.     Since introducing its Three-Stripe Mark, adidas has spent millions of dollars promoting the mark and products bearing the mark.  For example, in March 2011, adidas launched an advertising campaign in the United States "featuring Chicago Bulls guard Derrick Rose, rapper B.o.B and pop singer Katy Perry, among others," that "highlights [adidas's] imprint on the world of sports, music and fashion," and "show[s] the breadth and depth of the Adidas brand."  *See* **Exhibit 9** ((Brettman, Allan, "Going 'All In' Against Nike," *The Oregonian*, March 15, 2011).  Similarly, adidas recently launched its "Sport 15" advertising campaign, which represents adidas's biggest ad spend in the United States.  The campaign features soccer superstar Lionel Messi, Derrick Rose of the Chicago Bulls, and DeMarco Murray of the Dallas Cowboys.  A February 13, 2015, article from AdWeek describing adidas's Sport 15 advertising campaign is attached as **Exhibit 10**.

26.     As a result of adidas's extensive use and promotion of the Three-Stripe Mark, adidas has built up and now owns extremely valuable goodwill that is symbolized by the mark. The purchasing public has come to associate the Three-Stripe Mark with adidas.

**B.     Prior Settlement Agreements Between adidas and ECCO**

27.     In or around 2010, adidas became aware that ECCO was offering for sale and selling footwear bearing two and four stripes that infringed adidas's Three-Stripe Mark. adidas

COMPLAINT

ATER WYNNE LLP
1331 NW LOVEJOY STREET, SUITE 900
PORTLAND, OR 97209-3280
(503) 226-1191

2503369/1/DPL/000800-0033

and ECCO resolved their dispute by entering into a settlement agreement (the "2010 Letter Agreement"), a copy of which is attached as **Exhibit 11**.

28.    In the 2010 Letter Agreement, ECCO acknowledged that (1) adidas is the owner of the Three-Stripe Mark; (2) footwear bearing two and four stripe designs infringe adidas's rights in the Three-Stripe Mark; and (3) it would not manufacture footwear bearing two, three, or four stripes in a manner that is confusingly similar to the Three-Stripe Mark in the future.

29.    Notwithstanding the 2010 Letter Agreement, in or around 2013, adidas again became aware that ECCO was offering for sale and selling footwear bearing four parallel stripes that infringed adidas's Three-Stripe Mark, as shown below:



30.    adidas and ECCO resolved their dispute by entering into another settlement agreement (the "2013 Letter Agreement"), a copy of which is attached as **Exhibit 12**, in which ECCO again acknowledged that adidas is the exclusive owner of the Three-Stripe Mark and agreed to cease all production of the footwear depicted above.

## C.    ECCO's Current Unlawful Activities

31.    Despite the 2010 and 2013 settlement agreements—and in blatant disregard of adidas's rights—ECCO again is importing, producing, marketing, distributing, intending to sell, offering for sale, and selling footwear in interstate commerce bearing a confusingly similar imitation of the Three-Stripe Mark, including one shoe that is nearly identical to the footwear at issue in the 2013 Letter Agreement:

COMPLAINT

ATER WYNNE LLP
1331 NW LOVEJOY STREET, SUITE 900
PORTLAND, OR 97209-3280
(503) 226-1191

2503369/1/DPL/000800-0033



32.    ECCO was familiar with adidas's Three-Stripe Mark when it created, imported, and began advertising and selling the Infringing Footwear.

33.    ECCO further was aware that the sale of the Infringing Footwear would likely cause confusion among consumers and would dilute adidas's rights in the Three-Stripe Mark. Indeed, on information and belief, ECCO knowingly, willfully, intentionally, and maliciously

COMPLAINT

ATER WYNNE LLP
1331 NW LOVEJOY STREET, SUITE 900
PORTLAND, OR 97209-3280
(503) 226-1191

2503369/1/DPL/000800-0033

adopted and used substantially indistinguishable and confusingly similar imitations of the Three-Stripe Mark.  Specifically, on information and belief, ECCO intentionally designed and manufactured footwear bearing confusingly similar imitations of adidas's Three-Stripe Mark to mislead and deceive consumers into believing it was manufactured, sold, authorized, or licensed by adidas.

34.    The Infringing Footwear distributed, offered for sale, and sold by ECCO is not manufactured by adidas, nor is ECCO associated, affiliated, or connected with adidas, or licensed, authorized, sponsored, endorsed, or approved by adidas in any way.

35.    adidas used its Three-Stripe Mark extensively and continuously long before ECCO began offering for sale or selling the Infringing Footwear.

36.    The Infringing Footwear is similar to, and competes with footwear sold by adidas, and the parties' respective footwear is sold through overlapping channels of trade.

37.    ECCO's use of the Three-Stripe Mark and confusingly similar imitations of the Three-Stripe Mark is likely to deceive, confuse, and mislead actual and prospective purchasers before, during, and after purchase into believing that the footwear sold by ECCO is manufactured or authorized by, or in some manner associated with adidas, which it is not.

38.    The likelihood of confusion, mistake, and deception engendered by ECCO's misappropriation of the Three-Stripe Mark is causing irreparable harm to the goodwill symbolized by the Three-Stripe Mark and the reputation for quality that it embodies.

39.    This attribution is particularly damaging with respect to those persons who perceive a defect or lack of quality in the Infringing Footwear.

40.    On information and belief, ECCO continues to use the Three-Stripe Mark and confusingly similar imitations of the Three-Stripe Mark in connection with the sale of products that directly compete with those offered by adidas.  ECCO began selling these imitations well

COMPLAINT

ATER WYNNE LLP
1331 NW LOVEJOY STREET, SUITE 900
PORTLAND, OR 97209-3280
(503) 226-1191

2503369/1/DPL/000800-0033

after adidas had established protectable rights in the Three-Stripe Mark, and well after the Three-Stripe Mark had become famous.

41.    ECCO has shown a callous disregard for adidas's rights, and the agreements ECCO has entered into with adidas.  ECCO previously agreed expressly not to use the Three-Stripe Mark or a confusingly similar mark and agreed to discontinue manufacturing and selling footwear bearing confusingly similar imitations of adidas's Three-Stripe Mark.  ECCO thus has acted in bad faith, with malicious intent, and in knowing disregard of adidas's rights.

**FIRST CLAIM FOR RELIEF**
**Federal Trademark Infringement**

42.    adidas repeats and incorporates by reference the allegations in the preceding paragraphs.

43.    ECCO's use of confusingly similar imitations of the Three-Stripe Mark is likely to cause confusion, deception, and mistake by creating the false and misleading impression that ECCO's goods are manufactured or distributed by adidas, or are associated or connected with adidas, or have the sponsorship, endorsement or approval of adidas.

44.    ECCO has used marks confusingly similar to the Three-Stripe Mark in violation of 15 U.S.C. §§ 1114 and 1125(a).  ECCO's activities have caused and, unless enjoined by this Court, will continue to cause a likelihood of confusion and deception of members of the trade and public, and, additionally, injury to adidas's goodwill and reputation as symbolized by the Three-Stripe Mark, for which adidas has no adequate remedy at law.

45.    ECCO's actions demonstrate an intentional, willful, and malicious intent to trade on the goodwill associated with the Three-Stripe Mark to adidas's great and irreparable harm.

46.    ECCO caused and is likely to continue causing substantial injury to the public and to adidas, and adidas is entitled to injunctive relief and to recover ECCO's profits, actual damages, enhanced profits and damages, costs, and reasonable attorneys' fees under 15 U.S.C. §§ 1114, 1116, and 1117.

COMPLAINT

ATER WYNNE LLP
1331 NW LOVEJOY STREET, SUITE 900
PORTLAND, OR 97209-3280
(503) 226-1191

2503369/1/DPL/000800-0033

## SECOND CLAIM FOR RELIEF
### Federal Unfair Competition

47.     adidas repeats and incorporates by reference the allegations in the preceding paragraphs.

48.     ECCO's use of the Three-Stripe Mark and confusingly similar imitations of the Three-Stripe Mark has caused and is likely to cause confusion, deception, and mistake by creating the false and misleading impression that ECCO's goods are manufactured or distributed by adidas, or are affiliated, connected, or associated with adidas, or have the sponsorship, endorsement or approval of adidas.

49.     ECCO has made false representations, false descriptions, and false designations of its goods in violation of 15 U.S.C. § 1125(a).  ECCO's activities have caused and, unless enjoined by this Court, will continue to cause a likelihood of confusion and deception of members of the trade and public, and, additionally, injury to adidas's goodwill and reputation as symbolized by the Three-Stripe Mark, for which adidas has no adequate remedy at law.

50.     ECCO's actions demonstrate an intentional, willful and malicious intent to trade on the goodwill associated with the Three-Stripe Mark to the great and irreparable injury of adidas.

51.     ECCO's conduct has caused, and is likely to continue causing, substantial injury to the public and to adidas.  adidas is entitled to injunctive relief and to recover ECCO's profits, actual damages, enhanced profits and damages, costs, and reasonable attorneys' fees under 15 U.S.C. §§ 1125(a), 1116, and 1117.

## THIRD CLAIM FOR RELIEF
### Federal Trademark Dilution

52.     adidas repeats and incorporates by reference the allegations in the preceding paragraphs.

COMPLAINT

ATER WYNNE LLP
1331 NW LOVEJOY STREET, SUITE 900
PORTLAND, OR 97209-3280
(503) 226-1191

2503369/1/DPL/000800-0033

53.    For decades, adidas has exclusively and continuously promoted and used the registered Three-Stripe Mark both in the United States and throughout the world.  This mark thus became famous and well-known symbols of adidas and its products well before ECCO offered for sale the Infringing Footwear.

54.    ECCO is making use in commerce of marks that dilute and are likely to dilute the distinctiveness of adidas's Three-Stripe Mark by eroding the public's exclusive identification of the famous Three-Stripe Mark with adidas, tarnishing and degrading the positive associations and prestigious connotations of the mark, and otherwise lessening the capacity of the mark to identify and distinguish adidas's goods.

55.    ECCO's actions demonstrate an intentional, willful, and malicious intent to trade on the goodwill associated with adidas's Three-Stripe Mark or to cause dilution of the Three-Stripe Mark to the great and irreparable injury of adidas.

56.    ECCO has caused and will continue to cause irreparable injury to adidas's goodwill and business reputation, and dilution of the distinctiveness and value of adidas's famous and distinctive Three-Stripe Mark in violation of 15 U.S.C. § 1125(c).  adidas therefore is entitled to injunctive relief and to ECCO's profits, actual damages, enhanced profits and damages, and reasonable attorneys' fees under 15 U.S.C. §§ 1125(c), 1116 and 1117.

**FOURTH CLAIM FOR RELIEF**
**Unfair and Deceptive Trade Practices**

57.    adidas repeats and incorporates by reference the allegations in the preceding paragraphs.

58.    ECCO has been and is passing off its goods as those of adidas, causing a likelihood of confusion or misunderstanding as to the source, sponsorship, or approval of ECCO's goods, causing a likelihood of confusion as to ECCO's affiliation, connection, or association with adidas, and otherwise damaging the public.

COMPLAINT

ATER WYNNE LLP
1331 NW LOVEJOY STREET, SUITE 900
PORTLAND, OR 97209-3280
(503) 226-1191

2503369/1/DPL/000800-0033

59.    ECCO's conduct constitutes unfair and deceptive acts or practices in the course of a business, trade, or commerce in violation of the unfair and deceptive trade practices statutes of several states, including California CAL. BUS. & PROF. CODE § 17200, *et seq.* (West 2009); Colorado, COLO. REV. STAT. ANN. §§ 6-1-101 to 6-1-115 (West 2009); Delaware, DEL. CODE ANN. tit. 6, §§ 2531 to 2536 (2009); Georgia, GA. CODE ANN. §§ 10-1-370 to 10-1-375 (2009); Hawaii, HAW. REV. STAT. §§ 481A-1 to 481A-5 (2009); Illinois, ILL. COMP. STAT. ANN. ch. 815, 510/1 to 510/7 (2009); Maine, ME. REV. STAT. ANN. tit. 10, §§ 1211 to 1216 (West 2009); Minnesota, MINN. STAT. ANN. § 325D.43 to .48 (West 2009); Nebraska, NEB. REV. STAT. §§ 87-301 to 87-306 (2009); New Mexico, N.M. STAT. ANN. §§ 57-12-1 to 57-12-22 (Michie 2009); New York, N.Y. GEN. BUS. Law § 349 (McKinney 2009); Ohio, OHIO REV. CODE ANN. §§ 4165.01 to 4165.04 (Baldwin 2009); and Oklahoma, OKLA. STAT. ANN. tit. 78, §§ 51 to 55 (West 2009).

60.    ECCO's unauthorized use of confusingly similar imitations of the Three-Stripe Mark has caused and is likely to cause substantial injury to the public and to adidas.  adidas, therefore, is entitled to injunctive relief and to recover damages and, if appropriate, punitive damages, costs, and reasonable attorneys' fees.

### FIFTH CLAIM FOR RELIEF
### Common Law Trademark Infringement and Unfair Competition

61.    adidas repeats and incorporates by reference the allegations in the preceding paragraphs.

62.    ECCO's acts constitute common law trademark infringement and unfair competition, and have created and will continue to create, unless restrained by this Court, a likelihood of confusion to the irreparable injury of adidas.  adidas has no adequate remedy at law for this injury.

COMPLAINT

ATER WYNNE LLP
1331 NW LOVEJOY STREET, SUITE 900
PORTLAND, OR 97209-3280
(503) 226-1191

2503369/1/DPL/000800-0033

63. On information and belief, ECCO acted with full knowledge of adidas's use of, and statutory and common law rights to, the Three-Stripe Mark and without regard to the likelihood of confusion of the public created by ECCO's activities.

64. ECCO's actions demonstrate an intentional, willful, and malicious intent to trade on the goodwill associated with the Three-Stripe Mark to the great and irreparable injury of adidas.

65. As a result of ECCO's acts, adidas has been damaged in an amount not yet determined or ascertainable.  At a minimum, however, adidas is entitled to injunctive relief, to an accounting of ECCO's profits, damages, and costs.  Further, in light of the deliberately fraudulent and malicious use of the Three-Stripe Mark and confusingly similar imitations of  the Three-Stripe Mark, and the need to deter ECCO from engaging in similar conduct in the future, adidas additionally is entitled to punitive damages.

## <u>SIXTH CLAIM FOR RELIEF</u>
### Breach of Contract

66. adidas repeats and incorporates by reference the allegations in the preceding paragraphs.

67. The 2013 Letter Agreement is a valid contract.

68. The 2013 Letter Agreement was supported by adequate consideration.

69. ECCO breached the 2013 Letter Agreement when it manufactured, offered for sale, and/or sold the current Infringing Footwear bearing three and four stripes in a manner confusingly similar to adidas's Three-Stripe Mark.

70. ECCO's breach of its contractual obligations has damaged adidas, and ECCO's ongoing breach of the 2013 Letter Agreement by selling the Infringing Footwear bearing a confusingly similar imitation of adidas's Three-Stripe Mark is inflicting irreparable harm on adidas.

COMPLAINT

ATER WYNNE LLP
1331 NW LOVEJOY STREET, SUITE 900
PORTLAND, OR 97209-3280
(503) 226-1191

2503369/1/DPL/000800-0033

## PRAYER FOR RELIEF

**WHEREFORE**, adidas prays that:

1.      ECCO and all of its agents, officers, employees, representatives, successors, assigns, attorneys, and all other persons acting for, with, by through or under authority from ECCO, or in concert or participation with ECCO, and each of them, be enjoined from:

a.   using the Three-Stripe Mark or any other copy, reproduction, colorable imitation, or simulation of adidas's Three-Stripe Mark on or in connection with ECCO's goods;

b.   using any trademark, name, logo, design, or source designation of any kind on or in connection with ECCO's goods or services that is a copy, reproduction, colorable imitation, or simulation of, or confusingly similar to adidas's trademarks, trade dresses, names, or logos;

c.   using any trademark, name, logo, design, or source designation of any kind on or in connection with ECCO's goods that is likely to cause confusion, mistake, deception, or public misunderstanding that such goods or services are produced or provided by adidas, or are sponsored or authorized by adidas, or are in any way connected or related to adidas;

d.   using any trademark, name, logo, design, or source designation of any kind on or in connection with ECCO's goods that dilutes or is likely to dilute the distinctiveness of adidas's trademarks, trade dresses, names, or logos;

/ / /

COMPLAINT

Page 19

e.    passing off, palming off, or assisting in passing off or palming off

ECCO's goods as those of adidas, or otherwise continuing any

and all acts of unfair competition as alleged in this Complaint; and

f.    advertising, promoting, offering for sale, or selling the Infringing

Footwear or other similar goods.

2.    ECCO be ordered to cease offering for sale, marketing, promoting, and selling, to

remove from its retail stores, and to recall all products sold under or bearing a confusingly

similar imitation of the Three-Stripe Mark, which are in ECCO's possession or have been

shipped by ECCO or under its authority, to any customer, including but not limited to, any

wholesaler, distributor, retailer, consignor, or marketer, and also to deliver to each customer a

copy of this Court's order as it relates to said injunctive relief against ECCO;

3.    ECCO be ordered to deliver up for impoundment and for destruction, all

footwear, bags, boxes, labels, tags, signs, packages, receptacles, advertising, sample books,

promotional materials, stationary, or other materials in the possession, custody or under the

control of ECCO that are found to adopt, infringe, or dilute any of adidas's trademarks, trade

dresses, or that otherwise unfairly compete with adidas and its products;

4.    ECCO be compelled to account to adidas for any and all profits derived by ECCO

from the sale or distribution of infringing goods as described in this Complaint;

5.    adidas be awarded all damages caused by the acts forming the basis of this

Complaint;

6.    Based on ECCO's knowing and intentional use of the Three-Stripe Mark and

confusingly similar imitations of the Three-Stripe Mark, the damages awarded be trebled and the

award of ECCO's profits be enhanced as provided for by 15 U.S.C. § 1117(a);

7.    ECCO be required to pay to adidas the costs of this action and adidas's reasonable

attorneys' fees pursuant to 15 U.S.C. § 1117(a) and the state statutes cited in this Complaint;

COMPLAINT

ATER WYNNE LLP
1331 NW LOVEJOY STREET, SUITE 900
PORTLAND, OR 97209-3280
(503) 226-1191

2503369/1/DPL/000800-0033

8.      Based on ECCO's willful and deliberate infringement and dilution of adidas's

marks, and to deter such conduct in the future, adidas be awarded punitive damages;

9.      adidas be awarded prejudgment and post-judgment interest on all monetary

awards; and

10.     adidas have such other and further relief as the Court may deem just.


## JURY TRIAL DEMAND

adidas respectfully demands a trial by jury on all claims and issues so triable.


DATED:  April 20, 2016                          **ATER WYNNE LLP**


By:  s/ Daniel P. Larsen
    Daniel P. Larsen, OSB No. 943645
    E-mail:  dpl@aterwynne.com
    Tel:  503/226-1191; Fax:  503/226-0079

**KILPATRICK TOWNSEND & STOCKTON LLP**
    R. Charles Henn Jr. (*pro hac vice* pending)
    E-mail:  chenn@kilpatricktownsend.com
    Charles H. Hooker III (*pro hac vice* pending)
    E-mail:  chooker@kilpatricktownsend.com
    Nichole Davis Chollet (*pro hac vice* pending)
    E-mail:  nchollet@kilpatricktownsend.com
    1100 Peachtree Street, Suite 2800
    Atlanta, GA  30309
    Tel:  404/815-6500; Fax:  404/815-6555

    Attorneys for Plaintiffs adidas America, Inc. and
    Adidas AG


COMPLAINT

ATER WYNNE LLP
1331 NW LOVEJOY STREET, SUITE 900
PORTLAND, OR 97209-3280
(503) 226-1191

2503369/1/DPL/000800-0033