

February 15, 2013

Mette Damgaard
Vice President
Head of Legal Department
ECCO Sko A/S
Industritivej 5
6261 Bredebro
Denmark
+45 74 91 16 25

**Re:** **adidas/ECCO Letter Settlement Agreement**

Dear Ms. Damgaard:

This letter sets forth the agreement (the "Letter Agreement") between adidas AG, on behalf of itself and its affiliates, including adidas America, Inc. and adidas International Marketing B.V. (collectively, "adidas"), on the one hand, and ECCO Sko A/S on behalf of itself and its affiliates (collectively, "ECCO"), on the other hand, regarding the ECCO Women's Biom Golf footwear depicted below that ECCO has offered for sale and sold (the "Disputed Footwear").



adidas International
Marketing BV
Atlas Arena – Afrika Building
Hoofoorddreef 9a
1101 BA Amsterdam
The Netherlands

T+31-20-5734573
F+31-2004701986

Exhibit 12
Page 1 of 4



GROUP

In consideration of the mutual promises and obligations contained in this Letter Agreement, and for other good and valuable consideration, the receipt and sufficiency of which is acknowledged, adidas and ECCO, intending to be legally bound, agree to the terms contained in this Letter Agreement. This Letter agreement is made and entered into as of the date executed by ECCO below (the "Effective Date").

For many years, adidas exclusively and continuously has used in commerce a three-stripe design on footwear and apparel, which is the subject of numerous valid and subsisting federal trademark registrations, including U.S. Registration Nos. 870,136, 961,353, 1,815,956, 1,833,868, 2,016,963, 2,058,619, 2,278,589, 2,278,591, 2,284,308, 2,909,861, 2,999,646, 3,029,127, 3,029,129, 3,029,135, 3,063,742, 3,063,745, 3,087,329, 3,183,656, 3,183,663, 3,236,505 (collectively, the "Three-Stripe Mark").

adidas and ECCO entered into a previous settlement agreement concerning the use of stripes on footwear, which is dated April 20, 2010 (the "Prior Settlement Agreement"). Nothing in this Letter Agreement amends, modifies, or in any way affects the Prior Settlement Agreement.

ECCO represents and warrants that it (1) has ceased all future production of the Disputed Footwear; and (2) has approximately 13,591 units of the Disputed Footwear remaining in its inventory (the "Inventory").

ECCO and its customers may sell the Inventory in the ordinary course of business through and including July 31, 2013. After July 31, 2013, any remaining Inventory, samples, and marketing, promotional, and advertising materials must be destroyed by ECCO. Upon destruction, ECCO shall deliver to adidas written confirmation of the destruction of the Inventory, stating the time, place, and manner in which the Inventory was destroyed. If a customer of ECCO after July 31, 2013 has a few products remaining in stock, the resell of such shall not be deemed a breach by the customer or ECCO and ECCO shall not be liable for recall of such products.

adidas and ECCO acknowledge that a material misrepresentation or a material breach of any portion or paragraph of this Letter Agreement or the Prior Settlement Agreement by ECCO would result in irreparable injury to adidas, and that it would be difficult or impossible to establish the full monetary value of such damage. Therefore, in the event of such a breach, in addition to any available monetary damages, adidas will be entitled to injunctive relief to cover its costs, including reasonable attorneys' fees.

adidas and ECCO will keep the contents of this Letter Agreement confidential, and will not disclose its terms to anyone, except to professional advisors, or as necessary in any tax or court filing. Additionally, either party may disclose the terms of this Letter Agreement, in

Exhibit 12
Page 2 of 4



whole or in part, in bringing an action for breach of any provision of this Letter Agreement. adidas and ECCO further acknowledge that each party may be required to disclose the terms of this Letter Agreement in the context of litigation involving persons who are not parties to this Letter Agreement; adidas and ECCO agree, however, to exercise reasonable efforts to ensure that any disclosure in the context of such other litigation is made only pursuant to an appropriate protective order. Neither adidas nor ECCO, nor their counsel, may seek to publicize or comment to the press concerning the parties' dispute regarding the Disputed Footwear or the terms of this Letter Agreement.

adidas and ECCO acknowledge that no person or any other entity has made any promise, representation, or warranty whatsoever, expressed, implied, or statutory, not contained in this Letter Agreement, concerning the subject matter of this dispute, to induce the execution of this Letter Agreement. adidas and ECCO further acknowledge that they, or their authorized representative, have executed this instrument without reliance on any promise, representation, or warranty not contained in this Letter Agreement. adidas and ECCO have consulted with legal counsel or have had the opportunity to do so. adidas and ECCO have read and understand all of the terms and conditions of this Letter Agreement.

This Letter Agreement is global in scope and is binding on and inures to the benefit of adidas and ECCO and each of their respective directors, officers, agents, employees, stockholders, representatives, attorneys, successors, and assigns. This Letter Agreement must be governed by and construed in accordance with the laws of the United States of America and the State of Oregon, without regard to its conflicts of law provisions.

The invalidity or unenforceability of any paragraph or provision of this Letter Agreement will not affect the validity or enforceability of the remainder of this Letter Agreement, or the remainder of any paragraph or provision. This Letter Agreement must be construed in all respects as if any invalid or unenforceable paragraph or provision were omitted.

This Letter Agreement may not be altered, amended, or modified, except in a writing signed by both parties. The waiver of any breach of any term of this Letter Agreement by either party will not be deemed a waiver of any subsequent or prior breach. Neither adidas nor ECCO will be deemed to have waived any breach of any term of this Letter Agreement, except as set forth in writing.

This Letter Agreement is a fully negotiated document. It is deemed to have been jointly drafted by adidas and ECCO, and it is not to be strictly construed against either party as the draftsperson.

Exhibit 12
Page 3 of 4


GROUP

page 4

Please indicate ECCO's agreement to the terms set out in this Letter Agreement by signing it in the designated place below on behalf of ECCO. By signing this Letter Agreement for ECCO you warrant and represent that you have full authority to execute and perform this Letter Agreement on behalf of ECCO. This Letter Agreement will become binding on the parties as of the date indicated next to the signature of ECCO below, which will be the Effective Date.

| AGREED TO: | AGREED TO: |
|---|---|
| By: Andreas Wortmann <br> Title: Executive Vice President Brand & Products | By: Tim Behean <br> Title: General Counsel, Group Intellectual Property |
| For ECCO Sko A/S | For adidas AG and adidas America, Inc. |
| Dated: 6\|3\|2013 | Dated: 18 FEB 2013 |

By: Gerd Rahbek-Clemmensen
Title: Supervisory Board
        member, ECCO Sko A/S

For ECCO Sko A/S

Dated: 6|3|2013

Exhibit 12
Page 4 of 4