IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **ADIDAS AMERICA, INC.**, a Delaware corporation; and **ADIDAS AG**, a foreign entity,<br><br>　　　　　Plaintiffs,<br><br>　　v.<br><br>**ECCO USA, INC.**, a New Hampshire corporation; and **ECCO SKO A/S**, a foreign entity,<br><br>　　　　　Defendants. | Case No. 3:16-cv-684-SI<br><br>**OPINION AND ORDER** |

Daniel P. Larsen, ATER WYNNE LLP, 1331 NW Lovejoy Street, Suite 900, Portland, OR 97209; R. Charles Henn Jr., Charles H. Hooker III, and Nichole Davis Chollet, KILPATRICK TOWNSEND & STOCKTON LLP, 1100 Peachtree Street, Suite 2800, Atlanta, GA 30309. Of Attorneys for Plaintiffs.

Kathleen C. Bricken, GARVEY SCHUBERT BARER, 121 SW Morrison Street, Eleventh Floor, Portland, Oregon 97204; Mark Sommers, FINNEGAN HENDERSON FARABOW GARRETT & DUNNER LLP, 901 New York Avenue, NW, Washington, DC 20001. Morgan E. Smith, FINNEGAN HENDERSON FARABOW GARRETT & DUNNER LLP, 3300 Hillview Avenue, Palo Alto, CA 94304. Of Attorneys for Defendants.

**Michael H. Simon, District Judge.**

　　　　Plaintiffs adidas America, Inc. and adidas AG (collectively, "Plaintiffs" or "adidas") bring this action against Defendants ECCO USA, Inc. and ECCO SKO A/S (collectively,

PAGE 1 – OPINION AND ORDER

"Defendants" or "ECCO"), alleging trademark infringement, trademark dilution, unfair competition, deceptive trade practices, and breach of contract. Plaintiffs allege that Defendants are currently selling footwear that uses substantially identical imitations of Plaintiffs' Three-Stripe trademark (the "Three-Stripe Mark"). Before the Court is Defendants' motion to strike from the First Amended Complaint a 2010 agreement between the parties and all references to that agreement. (Defendants also move to extend time to answer the Complaint until the Court resolves their motion to strike, which will be allowed.) For the reasons stated below, Defendants' motion to strike is DENIED.

## STANDARDS

Under Rule 12(f) of the Federal Rules of Civil Procedure, a court may strike from a pleading "any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). An "immaterial" matter is "that which has no essential or important relationship to the claim for relief … being pleaded." *Fantasy, Inc. v. Fogerty*, 984 F.2d 1524, 1527 (9th Cir. 1993) (quoting C. Wright, A. Miller, *et al.*, 5C Fed. Prac. & Proc. Civ. § 1382 (3d ed. 2013)), *rev'd on other grounds*, 510 U.S. 517 (1994). "Impertinent" matters are those "that do not pertain, and are not necessary, to the issues in question." *Id.* The purpose of a Rule 12(f) motion is to avoid spending time and money litigating spurious issues. *Whittlestone, Inc. v. Handi-Craft Co.*, 618 F.3d 970, 973 (9th Cir. 2010); *see also Fantasy, Inc.,* 984 F.2d at 1527. The disposition of a motion to strike is within the discretion of the district court. *See Fed. Sav. & Loan Ins. Corp. v. Gemini Mgmt.*, 921 F.2d 241, 244 (9th Cir. 1990). "Motions to strike are disfavored and infrequently granted." *Legal Aid Servs. of Oregon v. Legal Servs. Corp.*, 561 F. Supp. 2d 1187, 1189 (D. Or. 2008); *see also Capella Photonics, Inc. v. Cisco Sys., Inc.*, 77 F. Supp. 3d 850, 858 (N.D. Cal. 2014) ("Motions to strike are regarded with disfavor because of the limited importance of

pleadings in federal practice and because they are often used solely to delay proceedings." (Quotation marks and alterations omitted.)).

## BACKGROUND

In approximately 2010, Plaintiffs became aware that Defendants were offering for sale and selling footwear bearing two and four stripes that Plaintiffs allege infringed Plaintiffs' Three-Stripe Mark. Defendants denied any infringement, and the parties resolved their dispute by entering into a settlement agreement (the "2010 Letter Agreement") (ECF 32-12). According to the terms of the 2010 Letter Agreement, Defendants acknowledged that adidas is the owner of the Three-Stripe Mark and that footwear bearing certain two- and four-stripe designs infringes Plaintiffs' rights in the Three-Stripe Mark. Defendants also agreed that, with certain express exceptions, they would not manufacture, distribute, or sell either of two specifically enumerated footwear models. The 2010 Letter Agreement states: "This letter sets out the entire agreement between the parties in relation to its subject-matter. No agreement is made between the parties except for the express terms of this letter, and none shall be implied." ECF 32-12, at 2. The 2010 Letter Agreement further states: "The terms of this letter are governed by Dutch law, and the Courts of Amsterdam shall have *exclusive* jurisdiction to resolve any dispute between the parties arising out of or in connection with this letter agreement." *Id*. (emphasis added).

On September 20, 2012, Plaintiffs sent Defendants a letter stating that Defendants were selling a shoe called the "Ecco Women's Biom Golf" shoe (the "Biom" shoe) that, according to Plaintiffs, bore confusingly similar imitations of Plaintiffs' Three-Stripe Mark. The Biom shoe was not one of the two footwear models specifically enumerated in the 2010 Letter Agreement. The parties entered into another settlement agreement (the "2013 Letter Agreement"), in which Defendants agreed to cease production and sale of the Biom shoe. According to Plaintiffs, the 2013 Letter Agreement incorporates by reference the entirety of the 2010 Letter Agreement.

PAGE 3 – OPINION AND ORDER

Plaintiffs filed this lawsuit on April 20, 2016. In their breach of contract claim stated in their original complaint, Plaintiffs alleged that Defendants breached the 2013 Letter Agreement by manufacturing and selling the shoe models specifically enumerated in the Complaint. Defendants moved to dismiss Plaintiffs' breach of contract claim on the basis that Defendants failed to allege sufficient facts to show breach of contract because the 2013 Letter Agreement pertained only to the Biom shoe, and Plaintiffs had not alleged that Defendants manufactured or sold the Biom show after the parties entered into the 2013 Letter Agreement. Indeed, it appears that Plaintiffs base their claims for relief on the allegation that Defendants are currently offering for sale and selling certain, specifically-identified footwear—not including the Biom shoe—that allegedly infringes Plaintiffs' Three-Stripe trademark. The Court granted Defendants' motion without prejudice and gave Plaintiffs leave to replead their claim for breach of contract claim.

Plaintiffs subsequently filed a First Amended Complaint ("FAC"). Plaintiffs now allege that Defendants breached the 2013 Agreement by selling a four-stripe shoe in 2016 (the "2016 Four-Stripe Shoe") that is "substantially and materially identical" to the Biom shoe.

## DISCUSSION

Defendants move to strike the 2010 Letter Agreement and all references to it in the FAC. Defendants specifically seek to strike Paragraphs 27 and 28 of the FAC; reference to the 2010 Letter Agreement in Paragraphs 29, 30, and 43 of the FAC; Exhibit 11 (the 2010 Letter Agreement) to the FAC; and pages 3-10 of Exhibit 12 (the 2012 letter from Plaintiffs to Defendants) to the FAC, as well as any quotations from the 2010 Letter Agreement that may appear in Exhibit 12. Defendants argue that the 2010 Agreement is immaterial and impertinent and that its inclusion in the FAC prejudices Defendants by confusing and "coloring" the issues. Defendants focus initially on Plaintiffs' breach of contract claim, arguing that the 2010 Letter Agreement is irrelevant to that claim for relief or the defenses being pleaded because its

PAGE 4 – OPINION AND ORDER

restrictions do not encompass the 2016 Four-Stripe Shoe. Defendants further argue that inclusion of the 2010 Letter Agreement in the FAC prejudices Defendants by confusing the issues because, under the exclusive jurisdiction provision of the 2010 Letter Agreement, only the courts in The Netherlands have the authority to determine whether a breach of the 2010 Agreement has occurred.

Plaintiffs respond that, even assuming that the 2010 Letter Agreement is not relevant to the breach of contract claim, it is relevant to the other five claims that Plaintiffs have made because it shows Plaintiffs' trademark enforcement efforts as well as Defendants' acknowledgement of Plaintiffs' rights in the Three-Stripe mark, which in turn bears on the issue of Defendants' intent or lack thereof. Plaintiffs also argue that the 2010 Letter Agreement is relevant to show that the 2013 Agreement resolved a broader trademark dispute, not just a dispute over the specific Biom golf shoe. Regarding prejudice and confusion of the issues, Plaintiffs respond that striking the 2010 Letter Agreement and references thereto from the FAC would actually result in more, rather than less, confusion of the issues, by omitting important context from the pleadings.

Defendants' focus on the relationship between the 2010 Letter Agreement and Plaintiffs' breach of contract claim is unhelpful. Defendants cite to no authority, nor has this Court has identified any, to support the notion that some nexus must exist between Plaintiffs' breach of contract claim and the 2010 Letter Agreement for that agreement to be relevant to the overall action. Relatedly, Plaintiffs need not allege that Defendants breached the 2010 Letter Agreement for that agreement to be relevant.

Allegations "supplying background or historical material or other matter of an evidentiary nature will not be stricken unless unduly prejudicial to defendant." *In re Facebook*

*PPC Advert. Litig.*, 709 F. Supp. 2d 762, 773 (N.D. Cal. 2010). "Moreover, allegations which contribute to a full understanding of the complaint as a whole need not be stricken." *Id.*; s*ee also Cortina v. Goya Foods, Inc.*, 94 F. Supp. 3d 1174, 1182 (S.D. Cal. 2015) ("A court should not strike allegations supplying background or historical material unless it is unduly prejudicial to the opponent."). Here, the 2010 Letter Agreement and the FAC allegations referring to it may provide background and historical context that contribute to a fuller understanding of the relationship between the parties and the FAC as a whole. The 2010 Letter Agreement may be relevant to Plaintiffs' claims for relief to the extent that it shows that Plaintiffs have previously accused Defendants of infringing the mark at issue here, and that the parties settled those disputes. Under Rule 12(f), that is sufficient.

Defendants' argument regarding prejudice is similarly unpersuasive. Plaintiffs are correct that removal from the pleadings of any reference to the 2010 Letter Agreement would, if anything, likely result in more rather than less confusion by removing helpful contextual information from the pleadings. Further, any potential confusion can appropriately be addressed at summary judgment, in ruling on motions *in limine*, or in the jury instructions.

## CONCLUSION

Because Defendants have failed to show that the 2010 Letter Agreement is irrelevant, their motion to strike is DENIED. ECF 33. Defendants shall answer the First Amended Complaint within fourteen days from the date of this Opinion and Order.

**IT IS SO ORDERED**.

DATED this 8th day of February, 2017.

/s/ Michael H. Simon
Michael H. Simon
United States District Judge